1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11    OLAES ENTERPRISES, INC., a California
      corporation,

CASE NO. 07CV922 WQH (BLM)

12                                    Plaintiff,

ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION

13          vs.

14    RICHARD TRADING, INC., a California
      corporation,

15                                    Defendant.

16

17    HAYES, Judge:

18          Pending before the Court is Plaintiff's motion for reconsideration of this Court's Order of

19    January 15, 2008.  (Doc. # 11).

20                                    **BACKGROUND**

21          On May 21, 2007, Plaintiff Olaes Enterprises, Inc. filed the Complaint in this matter against

22    Defendant Richard Trading, Inc.  (Doc. # 1).  The Complaint alleged that Defendant willfully

23    infringed at least six of Plaintiff's copyrighted graphic designs. (Doc. # 1). On or about June 1, 2007,

24    Plaintiff served Defendant with a summons and the Complaint.  (Docs. # 3, 4).  On September 17,

25    2007, and after Defendant failed to respond to the Complaint within the time period allowed by FED.

26    R. CIV. P. 12, Plaintiff requested that the Clerk of the Court enter default against Defendant.  (Doc.

27    # 5).  On September 28, 2007, the Clerk of the Court entered default against Defendant.  (Doc. # 7).

28    On November 1, 2007, Plaintiff moved for default judgment.  (Doc. # 8).

On January 15, 2008, the Court issued an Order granting Plaintiff's motion for default judgment. (Doc. # 11). The Court concluded that Plaintiff had established six instances of willful copyright infringement on the part of Defendant Richard Trading, and awarded Plaintiff statutory damages in the amount of $5,000 per instance. (Doc. # 11). In total, the Court awarded statutory damages in the amount of $30,000. (Doc. # 11). In addition to statutory damages, the Court awarded Plaintiff attorney fees in the amount of $6,138.33, and costs in the amount of $422.33. (Doc. # 11).

On April 10, 2008, Plaintiff filed the pending motion for reconsideration. (Doc. # 11).

## STANDARD OF REVIEW

FED. R. CIV. P. 60(b)(6) provides that a court may provide a party with relief from judgment for any reason "that justifies relief." While FED. R. CIV. P. 60(b)(6) is often referred to as a "catch all," courts have interpreted the provision "stringently." *Strobel v. Morgan Stanley, et al.*, 2007 U.S. Dist. LEXIS 26899, *8 (S.D. Cal. Apr. 9, 2007). The United States Supreme Court has noted that the rule should be applied only in "extraordinary circumstances," *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 864 (1988), and the Court of Appeal for the Ninth Circuit has characterized the rule as "an equitable remedy" used to "prevent manifest injustice." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006).

United States District Court for the Southern District of California Local Civil Rule 7.1.i(1) permits a party to file a motion for reconsideration when "new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." A motion for reconsideration pursuant to Local Civil Rule 7.1.i(1) must by filed within thirty (30) days of the entry of the challenged ruling or judgment. *See* Local Civil Rule 7.1.i(2); *Stephen v. Cota*, 2007 U.S. Dist. LEXIS 37222, *4 & fn. 1 (S.D. Cal. May 22, 2007).

## DISCUSSION

Plaintiff filed the pending motion for reconsideration pursuant to FED. R. CIV. P. 60(b)(6) and Civil Local Rule 7.1.i(1). Plaintiff contends that the Court's previous award of statutory damages was too low considering the willful nature of Defendant's conduct. Plaintiff contends that the award will not serve to deter Defendant or other putative copyright infringers. In addition, Plaintiff characterizes the award of statutory damages as a windfall to Defendant considering Defendant's likely profits in

1   selling Plaintiff's infringing works, and notes that the award is inconsistent with the large outlay in

2   costs that Plaintiff expends to create viable and profitable copyrighted designs.  Plaintiff asks the

3   Court to vacate its previous statutory damages award of $30,000, and enter instead an award of

4   between $180,000 and $900,000.

5   **A.  Motion for Reconsideration Pursuant to FED. R. CIV. P. 60(b)(6)**

6          Plaintiff contends that this Court should reconsider its previous award of damages because the

7   previous award is too low to serve as a deterrent, allows Defendant a windfall given Defendant's

8   likely profits in selling Plaintiff's copyrighted designs, and does not compensate Plaintiff for losses

9   Plaintiff has suffered in terms of revenue and potential good will.  Plaintiff notes that Defendant's

10  refusal to cooperate in this suit makes it difficult for Plaintiff to detail its damages.

11         To support its motion for reconsideration, Plaintiff includes declarations from Jay Kopelowitz

12  and Alexander Papaefthimiou.  Each declaration, particularly that of Mr. Kopelowitz, discusses

13  reasons for increasing the award of statutory damages.  In particular, the declaration of Kopelowitz

14  notes the breadth of the copyright infringement problem in Los Angeles' garment district, and

15  highlights the time, effort, and expense necessary to create profitable copyrighted designs.

16  Kopelowitz identifies six other copyright infringement lawsuits which Plaintiff has filed in order to

17  protect its copyrights, and notes that the Court's award of only $5,000 per instance of infringement

18  will encourage copyright infringement because putative infringers can afford to pay such damages as

19  part of the cost of doing business.

20         As noted above, a motion for reconsideration pursuant to FED. R. CIV. P. 60(b)(6) is only

21  granted in extraordinary circumstances, and only to prevent manifest injustice.  *See Liljeberg*, 486

22  U.S. at 864; *Latshaw*, 452 F.3d at 1103.  The Court notes that Plaintiff's business depends upon the

23  viability of its copyrighted designs, and further, that by infringing upon copyrighted designs infringers

24  such as Defendant can reap considerable profits.  However, after considering the motion for

25  reconsideration and the supporting declarations, the Court concludes that this is not the extraordinary

26  circumstance which warrants relief from judgment under FED. R. CIV. P. 60(b)(6).  While Plaintiff has

27  included more support for its request for damages than it did originally, the Court finds that the newly

28  submitted information was available to Plaintiff previously, and Plaintiff does not explain why it was

1   not submitted before.  As noted by the court in *Strobel*, rules allowing for reconsideration of previous

2   orders "are not intended to provide litigants with a second bite at the apple."  *Strobel*, 2007 U.S. Dist.

3   LEXIS 26899, *9 (S.D. Cal. Apr. 9, 2007).  In addition, the Court concludes that Plaintiff has not

4   established that manifest injustice will result if the Court does not provide for an award of greater

5   damages.  It is in the Court's discretion to determine the amount of damages under 17 U.S.C. § 504(c),

6   and while the Court did not give the maximum award available, the Court awarded more than six-and-

7   a-half times the minimum damages.  In light of Plaintiff's inability to identify actual damages, the

8   speculative nature of Defendant's potential profits from infringing, the imposition of an injunction,

9   and the relatively quick manner in which this case was resolved in Plaintiff's favor, the Court

10  concludes that the previous award of statutory damages was just.  If, as Plaintiff predicts, Defendant

11  continues to infringe upon Plaintiff's copyrights, Plaintiff will be in a better position to argue that a

12  greater award is necessary to deter.

13          The Court concludes that Plaintiff has not met its burden to establish that this is an

14  extraordinary circumstance which warrants relief under FED. R. CIV. P. 60(b)(6).[1]  Plaintiff's motion

15  for reconsideration pursuant to FED. R. CIV. P. 60(b)(6) is DENIED.

16  **B.  Motion for Reconsideration Pursuant to Local Civil Rule 7.1.i(1)**

17          The Court granted Plaintiff's motion for default judgment on January 15, 2008, and Plaintiff

18  filed the motion for reconsideration on April 10, 2008.  (Docs. # 10-11).

19          Plaintiff contends that because it has presented information to the Court which the Court did

20  not have the opportunity to consider previously, Plaintiff is entitled to de novo review of its motion

21  for default judgment pursuant to Local Civil Rule 7.1.i(1).  However, a motion for reconsideration

22  pursuant to Local Civil Rule 7.1.i(1) must be filed within thirty (30) days of the order or ruling being

23  challenged, and in this case Plaintiff waited almost three months to file the motion for reconsideration.

24  Accordingly, Plaintiff's motion for reconsideration pursuant to Local Civil Rule 7.1.i(1) is DENIED

25  as untimely.

26

27

28          [1]  Given that Plaintiff has supported its motion only with information that was previously available to Plaintiff, the Court notes that it was unreasonable for Plaintiff to wait almost three months to file the motion for reconsideration under the facts of this case.

- 4 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

Plaintiff's motion for reconsideration (Doc. # 11) is DENIED.

**IT IS SO ORDERED**.

DATED:  July 23, 2008

**WILLIAM Q. HAYES**
United States District Judge

07CV922 WQH (BLM)